```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                JACKSONVILLE DIVISION
```

JEFFREY BLANCHARD,

                Petitioner,

v.                              Case No. 3:07-cv-1204-J-33HTS

WALTER A. MCNEIL,
et al.,

                Respondents.
_____

**ORDER**

**I. Status**

    Petitioner Jeffrey Blanchard, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #2) (hereinafter Petition) pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2001 state court (Duval County, Florida) judgment of conviction for armed robbery on the following grounds: (1) ineffective assistance of trial counsel for failure to inform the trial judge that the fifteen-year mandatory minimum was discretionary, and (2) ineffective assistance of trial counsel for failure to adequately and/or properly preserve for appellate review the issue involving Petitioner's attempt to strike juror Barbara Smith.

Respondents have responded to the Petition. See Respondents' Answer in Response to Order to Show Cause (Doc. #14) (hereinafter Response). In support of their contentions, they have submitted exhibits.[1] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #4). Petitioner has responded. See Petitioner's Traverse/Reply (Doc. #18). This case is now ripe for review.

## II. Procedural History

On May 9, 2001, Petitioner was charged with armed robbery and carrying a concealed firearm. Ex. C at 15-16, Information. Petitioner proceeded to trial on the armed robbery count and was found guilty after a trial by jury on August 29, 2001. Id. at 57, Verdict; Ex. M, Transcript of the Jury Trial Proceedings (hereinafter Tr.).[2] On September 20, 2001, the trial court adjudicated him guilty and sentenced him to fifteen years of incarceration with a mandatory minimum sentence of fifteen years as a habitual violent felony offender with 172 days credit for time served. Ex. C at 68-73, Judgment.

---

[1] The Court will hereinafter refer to Respondents' exhibits as "Ex." See Exhibits to Respondents' Motion to Dismiss (Doc. #8); Notice of Filing of Exhibits in Support of Response to Order to Show Cause (Doc. #16). Further, Respondents' Exhibit L (Pre-Sentencing Investigation Report) has been filed under seal for this Court's in camera review. See Court's Order (Doc. #15), filed May 6, 2008; Doc. #S-1.

[2] The trial judge was the Honorable Charles Arnold, and defense counsel was Debra Billard. Tr. at 1-2.

2

On September 25, 2001, Petitioner, through counsel, appealed. Id. at 80, Notice of Appeal. On appeal, Petitioner raised the following issue: the trial court erred, as a matter of law, or applied an incorrect legal standard in denying Petitioner's motion for new trial, which argued error in the denial of Petitioner's motion to strike juror Barbara Smith. Ex. N, Initial Brief of Appellant. The State filed an Answer Brief. Ex. O, Answer Brief of Appellee. On October 3, 2002, the appellate court per curiam affirmed without issuing a written opinion. Blanchard v. State, 829 So.2d 206 (Fla. 1st DCA 2002); Ex. D. The mandate was issued on October 21, 2002. Ex. E.

On or about December 2, 2002, Petitioner filed a *pro se* Motion to Modify or Reduce Sentence pursuant to Fla. R. Crim. P. 3.800(c), challenging his fifteen-year sentence as a habitual violent felony offender. Ex. F. On February 26, 2003, the court denied the motion. Ex. G.

On or about September 21, 2003, Petitioner filed a *pro se* motion for post conviction pursuant to Fla. R. Crim. P. 3.850, in which he raised the following claims: (1) counsel was ineffective for failing to inform the sentencing judge that he had discretion with regard to the imposition of the mandatory minimum portion of the habitual violent felony offender sentence in light of the Florida Supreme Court's decision in State v. Hudson, 698 So.2d 831 (Fla. 1997), and (2) counsel was ineffective for failure to

3

adequately and/or properly preserve the issue for appellate review involving Petitioner's exercise of a peremptory challenge to strike juror Barbara Smith. Ex. H at 1-14. The State responded to the motion. Id. at 49-56. On October 18, 2006, the court denied the motion. Id. at 57-60, Order Denying Defendant's Motion for Post Conviction Relief. Petitioner appealed. Id. at 61-62. On June 13, 2007, the appellate court per curiam affirmed without issuing a written opinion. Blanchard v. State, 959 So.2d 255 (Fla. 1st DCA 2007); Ex. J. The mandate was issued on July 10, 2007. Ex. K.

The Petition (filed October 12, 2007; signed October 9, 2007) is timely filed within the one-year period of limitation. See 28 U.S.C. § 2244(d); Court's Order (Doc. #10), filed March 20, 2008 (denying Respondents' Motion to Dismiss based on alleged untimeliness); Response at 5.

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

### IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA. Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303.  The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v.

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

### V. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of

>    counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit stated:

>    The Supreme Court has established certain principles and presumptions to guide our review of ineffectiveness claims under the flexible, case-specific standards of Strickland. We engage only in a "highly deferential" review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation omitted). As a result of this presumption, a petitioner must

8

> show "that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Thus, "where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Id. at 1314 n. 15 (quoting Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999)). Moreover, because the standard is an objective one, trial counsel's admission that his performance was deficient "matters little." Id. at 1315 n.16.  We must also avoid "the distorting effects of hindsight" and evaluate the reasonableness of counsel's performance from the perspective of counsel at the time the acts or omissions were made. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

Jennings v. McDonough, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

### VI. Findings of Fact and Conclusions of Law

#### A. Ground One

As ground one, Petitioner claims that his trial counsel (Debra D. Billard, Assistant Public Defender) was ineffective for failure to inform the trial judge that the fifteen-year mandatory minimum was discretionary. Respondents contend that Petitioner failed to properly exhaust this claim, and therefore the claim is now procedurally barred from review in this Court. See Response at 5-8.  This Court disagrees.  Petitioner states, and this Court agrees, that he raised this ineffectiveness claim in this Rule 3.850 motion.  Petition at 4.  In denying this ground on the merits, the trial court stated in pertinent part:

> In "Ground One" of the Defendant's motion, he contends that his court-appointed counsel at

>     the trial level provided ineffective
>     assistance by failing to inform the sentencing
>     judge that he had discretion in regard to the
>     imposition of the minimum mandatory portion of
>     the Habitual Violent Felony Offender sentence.
>     In support of this ground, the Defendant cites
>     to Hudson v. State, 698 So.2d 831 (Fla. 1997),
>     in which the Florida Supreme Court held that
>     sentencing under the habitual offender statute
>     is permissive, not mandatory. The omissions in
>     which the Defendant complains about in ground
>     one is confined to the sentencing phase of the
>     case.
>
>     The Court finds that the defendant was
>     not denied "effective assistance" of counsel
>     for his attorney's failure to persuade the
>     Court to depart downward from the guidelines
>     or imposing the minimum mandatory sentence
>     pursuant to [the] Habitual Violent Felony
>     Offender statute. See Peeples v. State, 575
>     So.2d 316 (Fla. 2d DCA 1991); Mansfield v.
>     State, 911 So.2d 1160 (Fla. 2005); Dufour v.
>     State, 905 So.2d 42 (Fla. 2005); Johnson v.
>     State, 903 So.2d 888 (Fla. 2005); Bryant v.
>     State, 901 So.2d 810 (Fla. 2005).

Ex. H at 57-58.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly

established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit. In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. The presumption that counsel's performance was reasonable is even stronger since she is an experienced criminal defense attorney.[4] The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d

---

[4] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001); <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), <u>cert</u>. <u>denied</u>, 530 U.S. 1246 (2000). Ms. Debra D. Billard was admitted to the Florida Bar in 1991. <u>See</u> http://www.floridabar.org. Thus, at the time of the sentencing, she had been practicing law for almost ten years.

1314, 1319-20 (11th Cir. 2003). Here, counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Thus, the ineffectiveness claim is without merit. See Response at 8-17; Ex. M, Transcript of the Sentencing Hearing at 422-23, 430-31, 435-38, 440-44; Ex. H at 49-56, State's Response to Defendant's Motion for Post Conviction Relief.

### B. Ground Two

As ground two, Petitioner claims that trial counsel (Ms. Billard) was ineffective for failure to adequately and/or properly preserve for appellate review the issue involving Petitioner's attempt to strike juror Barbara Smith. As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion. In denying this ground on the merits, the trial court stated in pertinent part:

> In "Ground Two" of the Defendant's motion, he contends that his counsel provided ineffective assistance by failing to adequately and/or properly preserving [sic] the issue involving the Defendant's exercise of a peremptory challenge to strike a juror for Appellate Review.
>
> This Defendant raised the issue of striking a juror after the jury was sworn into

12

service on appeal when he presented the following question to the First District Court of Appeal:

> "Whether the trial court erred, as a matter of law, or applied an incorrect legal standard in denying the Defendant's motion for new trial arguing error in the denial of Defendant's motion to strike juror Barbara Smith."

The First District Court of Appeal affirmed the Defendant's conviction on October 3, 2002. <u>Blanchard v. State</u>, 829 So.2d. 206 (Fla. 1st DCA 2002).

The Defendant argues that, after being sworn to try the case, a juror informed the Court that she knew a Judge by the name of Raymond Simpson. It is clear that the juror was never asked the question during voir dire. The Defendant moved to strike the sworn juror, using a peremptory challenge, and the Court denied the motion.

"The state or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; except the court may, for good cause, permit a challenge to be made after the juror is sworn, but before any evidence is presented." Rule 3.310, Florida Rules of Criminal Procedure. The right to exercise peremptory challenges traces its Florida origins to <u>O'Connor v. State</u>, 9 Fla. 215, 216, 229 (1860), see also <u>Grant v. State</u>, 429 So.2d 758 (Fla. 4th DCA 1983). Florida courts have consistently held for more than one hundred years that a prospective juror may be challenged at any time before that juror is sworn. <u>See id</u>. at 760, see also <u>Jones v. State</u>, 332 So.2d 615 (Fla. 1976), <u>Knee v. State</u>, 294 So.2d 411 (Fla. 4th DCA 1974), <u>Walden v. State</u>, 319 So.2d 51 (Fla. 1st DCA 1975). "However, after a juror or jurors are sworn, the defendant no longer has a right to challenge." See <u>Grant v. State</u> at 760. The trial court has discretion to determine

13

>   whether information acquired after swearing of the jury constitutes "good cause" to allow a post-sworn peremptory strike of a juror. It is apparent from the record that the Court found that "good cause" did not exist merely because the juror was good friends with a judge. In fact, it was held in Gonzalez v. State, that the fact that a juror was a personal friend of the Judge is not a basis for challenge for cause, thus no ineffective counsel for not pursuing it. See 744 So.2d 1102 (Fla. 3d DCA 1999).[5]
>
>   In Rhue v. State, it was held that failure to preserve issues for appeal by objection may be ineffective assistance. See 603 So.2d 613 (Fla. 2d. DCA 1992). However, if the court's ruling was a correct statement of law, counsel cannot be faulted for failing to object to preserve for appeal. Colon v. State, 730 So.2d 780 (Fla. 3d DCA 1999). When objection is overruled, counsel does not need to move for mistrial to preserve [the] issue for appeal. Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998).
>
>   The Court finds that its denial of the Defendant's Motion to exercise a peremptory challenge after the juror had been sworn was not an abuse of discretion, was lawful, and a correct statement of law, therefore, the Defendant's counsel was not ineffective for not pursuing the issue.

Ex. H at 58-59.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly,

---

[5] Here, where juror Barbara Smith simply knew another judge, there was no basis in Florida law to challenge the juror for cause. See Gonzalez v. State, 744 So.2d 1102, 1103 (Fla. 3rd DCA 1999) (stating "the fact that a juror was a personal friend of the judge is not a basis for a challenge for cause" and thus there was no merit to defendant's claim that his counsel should have pursued the matter further).

14

the claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit. As previously noted, in evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence, and that presumption is even stronger since Ms. Billard is an experienced criminal defense attorney.

Judge Charles Arnold inquired as to juror Barbara Smith's friendship with Judge Raymond Simpson.  Ex. M at 107-08.  She stated that they were neighbors for eight years and had been friends for over forty years.  <u>Id</u>.  Judge Arnold stated:

> [T]he ultimate question is do you believe in light of your past relationship with Judge Simpson that you can sit here, set that aside and concentrate on the evidence as you hear it from the witness stand and render a verdict based on the law I will give you and the

15

>            evidence you hear in the courtroom, that's the
>            ultimate question, can you do that?

Id. at 110.   Ms. Smith responded: "Absolutely."   Id.   The relationship she described with the Judge Simpson (a neighbor for eight years, a family friend of forty years, an advisor to her husband on a corporate/employee matter and someone she and her husband would share opinions with concerning the criminal justice system) is not the sort of relationship that makes her statement unreliable or causes any doubt about her impartiality as a juror hearing Petitioner's case.  Id. at 107-10.  Further, Judge Simpson was not the presiding judge in Petitioner Blanchard's case.  Ms. Billard's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Thus, the ineffectiveness claim is without merit.  See Response at 17-23; Ex. M at 105-11; Ex. H at 49-56, State's Response to Defendant's Motion for Post Conviction Relief; Ex. O, Answer Brief of Appellee at 6-11.

For all of the previously-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #2) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 22nd day of July, 2008.

sc 7/18
c:
Jeffrey Blanchard
Ass't Attorney General of Record

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE